UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4259 ABC (FFMx) | Date | November 21, 2011 |
|---|---|---|---|
| Title | Global Horizons, Inc. v. Del Monte Fresh Produce N.A., Inc. | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | |
|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   ORDER DISCHARGING Order to Show Cause re Criminal Contempt (In Chambers)

    Pending before the Court is an order to show cause ("OSC") issued by Magistrate Judge Mumm as to why Plaintiff and Judgment Debtor Global Horizon, Inc.'s President and Chief Strategic Officer Mordechai Yosef Orian should not be held in criminal contempt for willfully violating a February 15, 2011 order compelling the production of documents.  (Docket No. 59.)  Orian responded to the OSC on November 7, 2011 and Defendant and Judgment Creditor Del Monte Fresh Produce N.A., Inc. ("Del Monte") replied on November 14, 2011.  This matter is currently set for hearing on Monday, November 28, 2011 at 10:00 a.m.  However, because the Court finds that the proceedings until this point have inadequately addressed the nature and requirements of criminal, as opposed to civil, contempt sanctions, the Court VACATES the November 28 hearing date and DISCHARGES the OSC.

    Del Monte initiated these criminal contempt proceedings pursuant to 18 U.S.C. § 401(3), which provides that "[a] court of the United States shall have the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistence to its lawful writ, process, order, rule, decree, or command."  Indirect contempt proceedings under this section are governed by Federal Rule of Criminal Procedure 42(a), which requires that the alleged contemnor be given notice of the "time and place of the trial," be given a "reasonable time to prepare a defense," and be informed of both the nature of the contempt as criminal and the "essential facts constituting the charged criminal contempt."  Fed. R. Crim. P. 42(a).  Importantly, an individual subject to criminal contempt proceedings must also be given certain procedural protections, including "'the right to be advised of the charges; the right to a disinterested prosecutor; the right to assistance of counsel; a presumption of innocence; proof beyond a reasonable doubt; the privilege against self-incrimination; the right to cross-examine witnesses; the opportunity to present a defense and call witnesses; and the right to a jury trial if the fine or sentence imposed will be serious.'"  United States v. Glass, 361 F.3d 580, 590 n.13 (9th Cir. 2004) (quoting F.J. Hanshaw Enters. v. Emerald River Dev., Inc., 244 F.3d 1128, 1139 (9th Cir. 2001)).

    The parties have not addressed any of these requirements, and several of them directly impact the proceedings here.  For example, the Court would have to appoint an independent prosecutor because, "[a]s a general matter, attorneys for private parties who benefit from a court order may not be appointed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4259 ABC (FFMx) | Date | November 21, 2011 |
|---|---|---|---|
| Title | Global Horizons, Inc. v. Del Monte Fresh Produce N.A., Inc. | | |

to prosecute contempt actions based on violations of that order." N.L.R.B. v. A-Plus Roofing, Inc., 39 F.3d 1410, 1419 (9th Cir. 1994). Moreover, neither the Magistrate Judge's certification of facts nor Del Monte's presentation of evidence addresses whether the facts here are sufficient to demonstrate beyond a reasonable doubt that Orian willfully disobeyed the Court's order, a requirement to find criminal contempt. See Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 782 (9th Cir. 1983) ("In criminal contempt willful disobedience must be proved beyond a reasonable doubt" which means "a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order."). Indeed, this inquiry is critical because, if Orian were to show that he could not have produced the documents at issue, he "could not be found to have willfully violated" the Order and his "inability to comply with the court's order would be a complete defense." United States v. Rylander, 714 F.2d 996, 1002 (9th Cir. 1983). Finally, in a criminal contempt proceeding under § 401(3), the alleged contemnor has the right to a jury trial if the sanctions imposed exceed $500 or six months' imprisonment. Id. at 1006. Del Monte has not identified any proposed sanctions here, so the Court cannot determine at this time whether Orian has the right to a jury trial.

The Court also does not see adequate justification for pursuing criminal, rather than civil, contempt sanctions at this stage. The nature of contempt as criminal or civil turns on the "character and purpose" of the sanction: a civil sanction is coercive or compensatory, whereas a criminal sanction is punitive, "to vindicate the authority of the court." F.J. Hanshaw, 244 F.3d at 1137–38 (internal quotation marks omitted). If the contempt sanction is criminal and used to coerce compliance with an order, then the Court must consider whether lesser coercive civil sanctions would suffice to secure compliance. A-Plus Roofing, 39 F.3d at 1418. Here, the Court cannot discern the purpose of any contempt sanctions because Del Monte has not identified what sanctions it is seeking. On the one hand, Orian resisted prior efforts to compel production of the documents at issue, which may create a need to punish him and vindicate the Court's authority. On the other hand, he still has not produced the requested documents, and Del Monte has an interest in coercing him into compliance. While Del Monte claims that civil contempt would be "ineffective," that may not be true because the Court may still imprison Orian as a civil sanction so long as Orian "carries the keys of his prison in his own pocket" by complying with the Court's Order. Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005). On this record, the Court cannot determine whether the extreme course of criminal contempt is warranted.

Based on the inadequate record, the Court DISCHARGES the OSC. Nothing in this Order precludes Del Monte from seeking criminal or civil contempt sanctions again, provided it adequately justifies the nature and purpose of the sanctions sought and proceeds pursuant to 28 U.S.C. § 636(e)(6).

**IT IS SO ORDERED.**

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | AB |

CC: Magistrate Judge Mumm