UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLOBAL HORIZONS, Inc., | ) | No. CV 10-4259 ABC (FFMx) |
| Plaintiff, | ) | |
| | ) | PROTECTIVE ORDER |
| v. | ) | |
| | ) | |
| DEL MONTE FRESH PRODUCE N.A., Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This Protective Order is entered to facilitate discovery in this enforcement of judgment proceeding (the "Proceeding") by Del Monte Fresh Produce N.A., Inc. ("Del Monte") against Global Horizons, Inc. ("Global").

1. Global has been ordered to produce documents stored on its computer hard drives (the "Hard Drives").

2. Global asserts that the Hard Drives contain confidential and/or privileged information.

3. The purpose of this Protective order is to protect the confidential and/or privileged information contained in Global's Hard Drives.

**Accordingly, it is hereby ordered**:

1. All information continued on the Hard Drives shall be used only in connection with this Proceeding and shall not be used by anyone for business, competitive, or publicity purposes or any other reason not specifically set forth herein. Further, Del

1  Monte and its employees, assigns, agents, servants, attorneys and all other individuals
2  who may come into contact with the information contained in the Hard Drives must agree
3  prior to the disclosure of any such information that they shall not, divulge, disclose, or
4  release any such information to anyone or for any purpose other than those persons and
5  purposes listed below.

6  2.   Procedure for Disclosure:  Global shall turn over via hand-delivery to Angelo
7  Primas, Esq., an attorney with K&L Gates, LLP, the Hard Drives which contain
8  documents that are responsive to Del Monte's discovery requests and that are required to
9  be produced pursuant to this Court's order compelling the production of documents.
10  Upon delivery, Del Monte shall be provided a reasonable time in which to mirror or
11  otherwise duplicate the contents of the Hard Drives.  Global agrees to cooperate in
12  providing all necessary passwords and other information necessary to access the
13  information contained on the Hard Drives.  Mordechai Orian, the sole principal of
14  Global, shall be allowed to be present at the location of the mirroring or duplication (at a
15  time, date and place of Del Monte's choosing), to ensure that the original Hard Drives
16  turned over to Del Monte are returned in their original state without alterations.  In the
17  event that the copying or mirroring of the Hard Drives takes more than one day, Mr.
18  Orian shall be notified when the continuation of the mirroring /duplication shall take
19  place and may elect to be present at all times when the original Hard Drives are being
20  mirrored/duplicated for the purposes set forth herein.  Except as necessary to ensure that
21  the Hard Drives are not damaged, Global and Orian are not to interfere with the person or
22  persons engaged in the mirroring or duplication of the Hard Drives.  The mirroring or
23  duplication shall be performed by a reputable third-party vendor to ensure the integrity of
24  the Hard Drives.

25  3.   For purposes of this Protective Order, all information contained on the Hard
26  Drives shall be deemed Confidential Material.  Confidential Material shall not be shown,
27  revealed, released, disclosed, or communicated in any way to any person or entity, except
28  / / /

those listed in Paragraph 4 below, without the advance written authorization of Global, including its counsel.

4. Confidential Material may only be disclosed to the following:

    a. To the Court;

    b. The attorneys of record for the parties to this Proceeding, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in connection with this Proceeding;

    c. Experts retained or consulted by any party or their counsel as required to assist in the conduct of this Proceeding, provided that prior to disclosure, any such expert is provided with a copy of this Stipulation for Protective Order and acknowledges in writing that he or she agrees to be bound by these terms;

    d. The partes to this Proceeding, to the extent that such disclosure is necessary in connection with this Proceeding;

    e. Clerical or ministerial service providers, including outside copying services and court reporters, retained by a party's counsel to assist such counsel in connection with this Proceeding; and

    f. To a party requesting the information through a validly issued subpoena, after proper notice to the relevant employees, or court order.

5. This Protective Order shall continue to be binding throughout this Proceeding until it is terminated.

6. Disputes concerning matters falling within the scope of or relating to the interpretation of this Protective Order may be submitted by noticed motion for ruling to the Court. Any such motion must comply with Local Rule 37.

7. The provision of this Protective Order shall not apply to any information that is either in possession of Del Monte before it obtains access to the Hard Drives or is subsequently obtained by Del Monte independently from the Hard Drives.

8. If Del Monte is subpoenaed or ordered to produce information that it has obtained solely through its access to the Hard Drives by another court or administrative agency, Del Monte shall notify promptly Global of the pending subpoena or order. It is Global's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency. Del Monte shall not produce any Confidential Materials in advance of the date required by the subpoena or order. Nothing herein shall be construed as relieving any party from its obligations pursuant to any validly issued subpoena or order.

**IT IS SO ORDERED.**

DATED: March 13, 2012

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge